## Baughman *against* Kunkle.

One of three administrators having settled a final account of his administration, upon which a decree of distribution was made by the orphans' court, an action will lie by one of the distributees against his personal representative to recover a distributive share, although his co-administrator still survives.

In an action to recover a distributive share, it is not necessary to tender a refunding bond before suit brought; nor, after a great lapse of time, would the court require such bond to be given at any time.

ERROR to the common pleas of *Westmoreland* county.

Lawrence Kunkle against Henry Iseman, executor of John Baughman, deceased. This was an action on the case to receive a distributive share of the estate of John Kunkle, deceased, in which the following facts were stated in the nature of a special verdict:

John Kunkle died in the year 1813 intestate, leaving issue Sebastian, Peter, Lawrence, Michael and George; Catharine, Madalina, and Barbara Kunkle.

December 22, 1813, letters of administration on the estate of John Kunkle were granted to Mary Kunkle, Sebastian Kunkle, and John Baughman.

May 19, 1817, John Baughman and Sabastian Kunkle presented their administration account on the estate of John Kunkle, which was passed by the orphans' court, exhibiting a balance in their hands of 1107 dollars 39 cents.

November 17, 1817, John Baughman presented to the orphans' court his supplementary administration account on the estate of John Kunkle, deceased, which was passed by the court, exhibiting a balance in his hands of 1219 dollars 28¾ cents for distribution.

August term 1819. The orphans' court did order and decree that the balance remaining in the hands of John Baughman, acting administrator of John Kunkle, deceased, on settlement of his supplementary administration account to be distributed as follows: To Lawrence 135 dollars 47½ cents; to the children of Michael Kunkle 135 dollars 47½ cents; to Catharine 135 dollars 47½ cents; to Madalina 135 dollars 47½ cents; to George 135 dollars 47½ cents; to John 135 dollars 47½ cents; to Sabastian Kunkle 135 dollars 47½ cents; to Barbara 135 dollars 47½ cents.

July 1831, John Baughman died after having made his last will and testament, by which the present defendant was appointed his executor and took upon himself the administration of said estate.

Sabastian Kunkle, one of the administrators of John Kunkle, deceased, was, at the time of bringing this suit, and still is, in full life.

[Baughman v. Kunkle.]

Lawrence Kunkle did not at any time, before or since the institution of this suit, tender to the said Henry Iseman a refunding bond.

If the court should be of opinion, upon the foregoing case, that the plaintiff is entitled to recover the principal and interest, then judgment to be rendered for him for 283 dollars 97 cents; but if the court should be of opinion that the plaintiff is not entitled to interest, then judgment to be rendered for the principal, 135 dollars 47½ cents; and if the court be of opinion that the plaintiff is not entitled to recover, then judgment to be rendered for the defendant generally.

The court below (White, president) rendered a judgment for the plaintiff, being of opinion that since the passage of the act of 1834 a refunding bond might be filed at any time before execution issued; but in a case like the present none was necessary.

*H. D. Foster,* for plaintiff in error.
*Coulter,* for defendant in error.

The opinion of the Court was delivered by

Rogers, J.—Under the act of the 29th of March 1832, compliance with an order or decree of the court may be enforced by attachment or sequestration, as in case of a decree for the payment of money against a party who has appeared, the complainant may have a writ of execution in the nature of a writ of *fieri facias.* And, by the same act, certified transcripts or extracts of the amount appearing to be due from, or in the hands of the executors or administrators, &c., on the settlement of the respective accounts in the orphans' court, filed in the court of common pleas, are liens on the real estate of such executor, administrator, &c., from the entry, &c., and action of debt or *scire facias* may be instituted thereon by any person interested for the recovery of so much as may appear to be due. By the settlement of the account, and the decree of the court, ordering distribution, the accounting administrator becomes personally liable for the amount so found, and I can perceive no difficulty in sustaining a suit against him or his personal representative for its recovery. It is ungracious for his representatives to insist that suits should be brought against the surviving administrator, who has not received one cent of the money. It is very true that the surviving administrator would be liable on the administration bond, but in that case he would have his remedy over against the personal representatives of his co-administrator, who had received the money belonging to the estate. Why, then, object to this suit, when the estate must be ultimately liable?

In a case decided at Harrisburg, but not yet reported, it was decided that, under the act of 1794, even in the case of a legacy, a refunding bond was not necessary before the commencement of the suit. A suit for a distributive share is not stronger. Under the

[Baughman v. Kunkle.]

circumstances of the case, it would seem that no court would require a refunding bond to be filed, as the security of the executor would hardly seem to require such a precaution.

Judgment affirmed.